13-3153
Morales v. Weiss

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of June, two thousand fourteen.

PRESENT:
        ROSEMARY S. POOLER,
        PETER W. HALL,
        SUSAN L. CARNEY,
            *Circuit Judges.*

_____

Santos Morales,

        *Plaintiff-Appellant*,

    v.                                                                                                  13-3153

Steven Weiss, Mitchell Rubin, Richard Phelan, Michael Mulhall, Ramon Gibson, Terry Lauf, Jessica Bloomer, Anna Futyma, Joseph Darling, John Doe, ASA, Richard Roe, Officer, Leo OC. Arnone, City of Stamford, Andrew Czubatyj,

        *Defendants-Appellees*.[*]

_____

| | |
|---|---|
| For Plaintiff-Appellant: | Santos Morales, pro se, Stamford, CT |
| For Defendants-Appellees: | Neil Parille, Assistant Attorney General (George Jepsen, |

[*] The Clerk of the Court is directed to amend the caption as above.

                                    Attorney General) Hartford, CT, *for Steven Weiss and Mitchell Rubin*
                                    Michael S. Toma, Assistant Corporation Counsel, City of Stamford, Stamford, CT, *for Jessica Bloomer, Andrew Czubatyj, Joseph Darling, Anna Futyma, Ramon Gibson, Terry Lauf, Michael Mulhall, Richard Phelan, and the City of Stamford*

      Appeal from a judgment of the United States District Court for the District of Connecticut (Eginton, *J.*).

      **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART, VACATED IN PART**, and this case is **REMANDED** for further proceedings consistent with this order.

      Santos Morales, pro se, appeals from the dismissal of his 42 U.S.C. § 1983 complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. We assume the parties' familiarity with the facts and underlying proceedings, which we reference only as necessary to explain our decision to: (1) vacate the dismissal of Morales's claims against defendants Andrew Czubatyj, Richard Phelan, Steven Weiss, and Mitchell Rubin; and (2) affirm the district court's judgment in all other respects.

      We review Rule 12(b)(6) dismissals de novo, "accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Litwin v. Blackstone Grp., L.P.*, 634 F.3d 706, 715 (2d Cir. 2011) (internal quotation marks omitted). To survive a Rule 12(b)(6) motion, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts should read a pro se complaint with "special solicitude" and interpret it "to raise the strongest [claims] that [it] suggest[s]." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (alterations in *Hill*) (internal quotation marks omitted). Courts should generally not deny leave to amend a pro se complaint unless amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

      Our review of the complaint in this case leads us to conclude that the district court erred in dismissing Morales's claims against police officers Czubatyj and Phelan. The complaint's allegations, which we accept as true for purposes of Rule 12(b)(6), that those officers repeatedly tasered and kicked Morales when he was unarmed were sufficient to state claims for excessive force. We further conclude that the district court erred in dismissing Morales's claims against prosecutors Weiss and Rubin without affording plaintiff the opportunity to amend his pro se complaint to allege sufficient facts that those defendants acted outside the scope of their roles as prosecutors and, thus, were not shielded by absolute immunity.

Accordingly, the dismissal of Morales's claims against Czubatyj, Phelan, Weiss, and Rubin is **VACATED** and the matter is **REMANDED** for further proceedings consistent with this order.  In all other respects, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit